### GROVE vs. THE STATE.

In an indictment for inhumanly beating a slave, it is not necessary to set forth the name of the owner of the slave.

### ERROR to the Chariton Circuit Court.

Davis *for Plaintiff.*

The only question presented is as to the sufficiency of the indictment.

The indictment does not charge that any person is the owner of the slave, and there is no such thing as a person being in slavery without an owner or a master. See 1 Chitty's Criminal Law, 213—214. See 3 do. 1087, forms of indictments for killing, wounding or poisoning stock, &c.

The record shows a motion to quash was overruled.

STRINGFELLOW, Attorney General, *for the State.*

NAPTON, J., *delivered the opinion of the Court.*

This was an indictment under our statute which prohibits cruel or inhuman treatment of slaves by the individual having the charge or control of such slave. The indictment is sufficiently specific in the description of the slave, and of the offence, but it is objected that it omits to state the name of the person to whom the slave belonged. The statute declares that whoever abuses a slave inhumanly, whether that slave be his property or the property of another, provided the slave be in his employment, shall be punished by fine and imprisonment, or by either, in the discretion of the jury. (Rev. C. 1845, p. 406.) By the common law it was necessary to insert the name of the owner of personal property, which had been stolen, provided the owner was known, because he was the *party injured*, and restitution would be ordered if the goods were found. The provision of our statute under which this defendant was indicted, evidently treats the slave as the party injured, and not his owner; for by the common law, supposing larceny to afford a parallel case, a man could not be guilty of stealing his own goods, and therefore it was necessary to allege a third person as the owner: but in the offence set forth in this indictment, it made no difference whether the slave belonged to the defendant or to a third person. No redress was intended to be afforded to the owner, where the defendant was not the owner, but the owner was left to those civil remedies which were already provided him, and the statute punishes the offence. *Cui bono* then insert the name of the owner? It could answer no useful purpose whatever, unless to designate with greater certainty the person of the injured slave, and this may be done as well by a description of his name, sex, &c., as was done in this indictment.

The judgment affirmed.